UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEROME CEASAR ALVERTO,

                Plaintiff,

     v.

MICHELLE HENDERLING, et al.

                Defendants.

CASE NO. C18-1380 BJR-BAT

**REPORT AND RECOMMENDATION**

      Plaintiff, Jerome Ceasar Alverto, a Washington State Department of Corrections prisoner filed a complaint seeking 42 U.S.C. § 1983 relief. Dkt. 6. Plaintiff alleges defendants Michelle Henderline, Stephen Ewing, Richard Semp, and Eric Jackson made false statements that were used to support disciplinary action against him. As relief he seeks dismissal of the disciplinary guilty findings and monetary damages.

      The complaint seeks relief against governmental employees and the Court thus screens it under 28 U.S.C. § 1915A(a). The Court must dismiss claims that fail to state a claim upon which relief may be granted, or that seek monetary relief from defendants who are immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). The Court recommends the complaint be dismissed with prejudice for failure to state a claim upon which relief may be granted.

REPORT AND RECOMMENDATION - 1

The complaint alleges plaintiff was infracted on two matters after disciplinary hearings. First, on June 16, 2018, jail staff observed plaintiff and another inmate have a verbal confrontation. Dkt. 6, Exhibit 2 at 11. Plaintiff was separated from the other inmate, placed in restraints, and taken to a segregation unit. On June 21, 2018, plaintiff was found to have "threatened and attempted to intimidate another individual" and was sanctioned 8 days in segregation. *Id.*

Second, after a hearing on August 16, 2018, plaintiff was sanctioned for providing false information during an investigation. The sanction was based upon plaintiff's allegation that defendant Semp tried to discourage him from making a Prison Rape Elimination Action ("PREA") complaint by making a loud announcement on the tier that plaintiff was raising a PREA complaint. Plaintiff claimed this violates the PREA's confidentiality provisions. Dkt. 6, Exhibit 2 at 64. The prison affirmed the sanction on August 27, 2018, on the grounds that:

> A thorough investigation was completed and individuals housed on your tier indicate no remarks were made on the tier sharing information regarding PREA allegations nor any other PREA related actions. Also notes is your refusal to sign the interview acknowledgment and the interview summary.

*Id.* Plaintiff contends the sanctions he received in both instances are based upon false reports. He also claims the reports and sanctions are retaliation for filing grievances.

## DISCUSSION

To state a cognizable claim under 42 U.S.C. § 1983, plaintiff must show he suffered a violation of rights protected by the Constitution or created by federal statute, and that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Plaintiff alleges he was disciplined based upon defendants' false statements. False statements, alone, do not violate a prisoner's constitutional

1 rights if the prisoner receives procedural due process before being sanctioned in a disciplinary

2 hearing and the false statements are not in retaliation for the prisoner exercising constitutional

3 rights. *See Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987) (Inaccurate information

4 in prison record did not violate the prisoner's due process rights).

5 Additionally, numerous courts in the Ninth Circuit have concluded that a false infraction

6 or violation reports, alone, do not violate a prisoner's constitutional rights. *See Davis v. Herrick*,

7 No. 15-1299, 2018 WL 934878 at *4 (E.D.Cal., Feb. 15, 2018) citing *Harper v. Cost*a, No. 07–

8 2149, 2009 WL 1684599, at *2–3, (E.D. Cal., June 16, 2009), *aff'd*, 393 Fed.Appx. 488 (9th Cir.

9 2010) and numerous other cases. By this measure, plaintiff's claims fail. Plaintiff was disciplined

10 after a hearing and there is no claim or indication he was denied procedural due process. Rather

11 he alleges defendant Jackson did a poor job in discovering the truth of the evidence against

12 plaintiff, Dkt. 6, Exhibit 1 at 6, and other defendants submitted false reports against him.

13 Mistakes or negligence are insufficient to support a § 1983 action. *See Williams v. Field*, 416

14 F.3d 483 (9th Cir. 1969). He further alleges the other defendants fabricated the reports used in

15 his disciplinary hearing. Plaintiff's view of defendants' reports diverges sharply from

16 defendants' views. But, as noted above the verity of the infraction reports alone is insufficient to

17 state a claim upon which relief may be granted. Accordingly, plaintiff's claim that his rights

18 were violated by false statements defendants gave in connection with the disciplinary hearing

19 fails and should be dismissed.

20 Plaintiff also alleges defendants' statements were retaliatory. A prisoner First

21 Amendment retaliation claim requires proof a state actor took adverse action against an inmate

22 because of the inmate's protected expressive activity. The adverse action must chill the inmate's

23 exercise of his First Amendment rights, and not reasonably related to a legitimate correctional

REPORT AND RECOMMENDATION - 3

goal. *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2004). The plaintiff must show his expressive activity was the "substantial" or "motivating" factor behind the defendant's conduct. *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009).

Here, plaintiff claims on June 16, 2018, he was threatened by another inmate and raised a PREA claim. The complaint avers plaintiff was disciplined on June 21, 2018, after a 9:30 am hearing in which he was found to have "threatened and attempted to intimidate another individual," and was sanctioned 8 days in segregation. Dkt. 6, Exhibit 1 at 1. Plaintiff contends later that day, defendant Semp made a "stupid" comment on the prison tier about plaintiff pursuing a PREA claim. Plaintiff claims Semp's comment was retaliatory. Plaintiff subsequently filed a grievance about Semp's statement the next day, June 22, 2018. Defendant Semps' alleged conduct on the tier was not in retaliation of plaintiff's First Amendment rights because it occurred **before** petitioner exercised his First Amendment rights by filing a grievance regarding the statement. Retaliation involves a defendant who acts against a prisoner in response to a prisoner's exercise of a right, i.e., **after** a prisoner exercises his first amendment rights; the opposite occurred here and the claim against defendant Semp should be dismissed.

Plaintiff also claims the other defendants retaliated against him because he submitted a grievance regarding Semp's statements on the tier. The claim is unfounded. Defendants accepted the grievance, investigated the allegations, and concluded plaintiff's allegations were false and misleading. This is not adverse action and thus not retaliatory, notwithstanding plaintiff's disagreement with the outcome of the investigation. The Court is unaware of any authority that imposes § 1983 liability on a prison officer where the prison officer disagrees with a prisoner's administrative grievance, as is the case here. The claims against the other defendants should accordingly be dismissed.

REPORT AND RECOMMENDATION - 4

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Plaintiff should thus not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case. If plaintiff objects to the report, he must filed his objections by **October 16, 2018.** The Clerk should note the matter for **October 19, 2018**, as ready for the District Judge's consideration. Objections shall not exceed eight pages. The failure to timely object may affect the right to appeal.

DATED this 2nd day of October, 2018.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge