UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEROME CEASAR ALVERTO,<br><br>               Plaintiff,<br><br>   v.<br><br>MICHELLE HENDERLING, et al.<br><br>               Defendants. | CASE NO. C18-1380 BJR-BAT<br><br>**SECOND REPORT AND RECOMMENDATION** |

In September, 2018, plaintiff, Jerome Ceasar Alverto, a Washington State Department of Corrections prisoner filed a complaint seeking 42 U.S.C. § 1983 relief. Dkt. 6. Plaintiff alleged defendants Michelle Henderline, Stephen Ewing, Richard Semp, and Eric Jackson made false statements that were used to support disciplinary action against him. As relief he seeks dismissal of the disciplinary guilty findings and monetary damages. Pursuant to 28 U.S.C. § 1915A(a), the Court reviewed the complaint and recommended dismissing it for failure to state a claim upon which relief may be granted, or that seek monetary relief from defendants who are immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). Dkt. 7.

On January 11, 2019 the assigned District Judge issued an Order dismissing with prejudice plaintiff's PREA claims, dismissing without prejudice plaintiff's retaliation claims, and granting plaintiff leave to file an amended complaint. Dkt. 11. On January 29, 2019, plaintiff

SECOND REPORT AND
RECOMMENDATION - 1

filed an amended complaint. Dkt. 12. The amended complaint again names as defendants Michelle Henderline, Stephen Ewing, Richard Semp, and Eric Jackson. *Id.* It also adds a new defendant Michelle Wood, the Associate Superintendent of plaintiff's prison. *Id.* at 7. The amended complaint again flows from a confrontation plaintiff had with another inmate. The confrontation led to disciplinary hearings and the imposition of sanctions against plaintiff. Plaintiff again alleges defendants imposed sanctions against him based upon false information, and a poor investigation. In essence he alleges defendants should not have sanctioned him and the sanctions were imposed in retaliation to a PREA complaint plaintiff made. The amended complaint repeats what the original complaint alleged, does not state a claim upon which relief may be granted, and should accordingly be dismissed with prejudice.

## DISCUSSION

The Court's first Report and Recommendation informed plaintiff that to state a cognizable claim under 42 U.S.C. § 1983, he must show defendants violated rights protected by the Constitution or created by federal statute, and that the violation was proximately caused by defendants.

The amended complaint repeats plaintiff's original allegations. It alleges plaintiff was disciplined based upon defendants' false statements and poor investigation. As noted in the first Report and Recommendation, false statements, alone, do not violate a prisoner's constitutional rights if the prisoner receives procedural due process before being sanctioned in a disciplinary hearing and the false statements are not in retaliation for the prisoner exercising constitutional rights. *See Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987) (Inaccurate information in prison record did not violate the prisoner's due process rights). Further, numerous courts have concluded a false infraction or violation reports, alone, do not violate a prisoner's constitutional

rights. *See Davis v. Herrick*, No. 15-1299, 2018 WL 934878 at *4 (E.D.Cal., Feb. 15, 2018) citing *Harper v. Costa*, No. 07–2149, 2009 WL 1684599, at *2–3, (E.D. Cal., June 16, 2009), *aff'd*, 393 Fed.Appx. 488 (9th Cir. 2010) and numerous other cases.

Under these standards, plaintiff's claim defendants improperly sanctioned him fails. Plaintiff was disciplined after a hearing and he was provided procedural due process. Plaintiff again alleges defendants failed to perform an adequate job to discover the truth regarding the altercation between plaintiff and the other inmate, and relied upon or submitted false reports against him. But mistakes or negligence do not support § 1983 action. *See Williams v. Field*, 416 F.3d 483 (9th Cir. 1969).

Additionally as previously noted in the first Report and Recommendation, plaintiff's claim he was sanctioned amounts to retaliation is fatally defective. Plaintiff claims defendants retaliated against him for making a PREA claim. But a First Amendment retaliation claim requires proof that defendants took adverse action against plaintiff because of the inmate's protected expressive activity. The adverse action must chill the inmate's exercise of his First Amendment rights, and not reasonably related to a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2004). The plaintiff must show his expressive activity was the "substantial" or "motivating" factor behind the defendant's conduct. *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009).

Here, plaintiff was not sanctioned for making a PREA complaint. This is evident because plaintiff does not dispute some type of altercation occurred; the amended information in fact alleges a confrontation on June 16, 2018, between plaintiff and another inmate. Dkt. 12 at 7-8. This confrontation led to prison security being called, and eventually disciplinary proceedings against plaintiff in which defendants found plaintiff at fault in regards to the confrontation. As

plaintiff alleges, "on June 21, 2018, the plaintiff attended disciplinary hearing . . . for the incident." *Id* at 9. Plaintiff disagrees with the finding that he was at fault for the confrontation. But the finding plaintiff was at fault has nothing to do with plaintiff's First Amendment right to make a PREA complaint, and was not based upon plaintiff's PREA complaint. Rather the disciplinary action taken was based upon a finding that plaintiff was at fault for the confrontation he had with another inmate, and based upon that finding was sanctioned after disciplinary proceedings. There is no basis for plaintiff's claim that defendants imposed disciplinary sanctions in retaliation to plaintiff's exercise of his First Amendment rights. The retaliation claims against defendants should accordingly be dismissed with prejudice.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Plaintiff should thus not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case. If plaintiff objects to the report, he must filed his objections by **February 13, 2019.** The Clerk should note the matter for **February 15, 2019**, as ready for the District Judge's consideration. Objections shall not exceed eight pages. The failure to timely object may affect the right to appeal.

DATED this 30th day of January, 2019.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

SECOND REPORT AND
RECOMMENDATION - 4