UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEROME CEASAR ALVERTO,<br><br>Plaintiff,<br><br>v.<br><br>MICHELLE HENDERLING, et al.<br><br>Defendants. | CASE NO. C18-1380 BJR-BAT<br><br>**REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court is plaintiff's Amended Complaint, Dkt. 12, and motion for summary judgment against the two remaining defendants Michelle Henderling and Richard Semp. Dkt. 26. The case has a somewhat involved procedural history. In September, 2018, plaintiff, a Washington State Department of Corrections prisoner filed a complaint seeking 42 U.S.C. § 1983 relief. Dkt. 6. Plaintiff alleged defendants Michelle Henderline, Stephen Ewing, Richard Semp, and Eric Jackson made false statements that were used to support disciplinary action against him. As relief he sought dismissal of the disciplinary guilty findings and monetary damages.

Pursuant to 8 U.S.C. § 1915A(a), the Court reviewed the complaint and recommended dismissing it for failure to state a claim upon which relief may be granted, or that seek monetary relief from defendants who are immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). Dkt. 7.

REPORT AND RECOMMENDATION REGARDING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -
1

1       On January 11, 2019, the assigned District Judge issued an Order dismissing with
2  prejudice plaintiff's PREA claims, dismissing without prejudice plaintiff's retaliation claims, and
3  granting plaintiff leave to file an amended complaint. Dkt. 11. On January 29, 2019, plaintiff
4  filed an amended complaint. Dkt. 12. The amended complaint again named as defendants
5  Michelle Henderline, Stephen Ewing, Richard Semp, and Eric Jackson. *Id.* It also added a new
6  defendant Michelle Wood, the Associate Superintendent of plaintiff's prison. *Id.* at 7. The
7  amended complaint again was based upon a confrontation plaintiff had with Majed, another
8  inmate. The confrontation led to disciplinary hearings and the imposition of sanctions against
9  plaintiff. Plaintiff alleged defendants imposed sanctions against him based upon false
10 information, and a poor investigation. In essence plaintiff alleged defendants should not have
11 sanctioned him and the sanctions were imposed in retaliation to a PREA complaint plaintiff
12 made.
13      On March 28, 2019, the assigned District Judge entered an order dismissing with
14 prejudice plaintiff's retaliation claims against defendants Ewing, Woods and Jackson. Dkt. 16.
15 The District Judge also dismissed plaintiff's other miscellaneous constitutional claims and his
16 putative state law claims. *Id*. However, the Court declined to dismiss plaintiff's retaliation
17 claims against defendants Semp and Henderling. *Id.* In specific, the District Judge found
18 plaintiff's allegation that Semp made a comment to plaintiff about Majed's action in an area in
19 which other inmates could hear stated a claim that was sufficient to withstand summary
20 dismissal. The District Judge also found plaintiff's claim Henderling retaliated against him by
21 disciplining him based upon fabricated evidence and by responding to plaintiff's complaints
22 about this by stating "Who cares, No one care. Mistakes happen Get over it. I'm warning you no
23

1  more grievances." Accordingly, the sole defendants before the Court are Semp and Henderling

2  and the sole claims against them is for retaliation as set forth above.

## DISCUSSION

**A.     Legal Standards**

The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party has the initial burden of production to demonstrate the absence of any genuine issue of material fact. Fed. R. Civ. P. 56(a); *see Devereaux v. Abbey,* 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir.2000). A nonmoving party's failure to comply with local rules in opposing a motion for summary judgment does not relieve the moving party of its affirmative duty to demonstrate entitlement to judgment as a matter of law. *Martinez v. Stanford*, 323 F.3d 1178, 1182-83 (9th Cir. 2003).

"If the moving party shows the absence of a genuine issue of material fact, the non-moving party must go beyond the pleadings and 'set forth specific facts' that show a genuine issue for trial." *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). The non-moving party may not rely upon mere allegations or denials in the pleadings but must set forth specific facts showing that there exists a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A plaintiff must "produce at least some significant probative evidence tending to support" the allegations in the complaint. *Smolen v. Deloitte, Haskins & Sells*, 921 F.2d 959, 963 (9th Cir. 1990).

Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson*, 477 U.S. at 248. In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." *Triton Energy Corp. v. Square D Co.,* 68 F.3d 1216, 1121 (9th Cir. 1995).

**B.  Plaintiff's Summary Judgment Motion**

On August 3, 2019, plaintiff filed a motion for summary judgement in which he contends defendants Henderling and Sempt "took an adverse action against the plaintiff" because he engaged in protected conduct (filing of prison grievances) and that defendants' actions had a chilling effect and were undertaken for no legitimate penological objective. *Id.* at 1. Plaintiff also contends defendants are not entitled to qualified immunity. *Id.* In support of the motion, plaintiff alleges the following facts:

> About June 16, 2018, homosexual prison offender, Arman Hussein Majed made sexually violent threats against Mr. Alverto.Dkt. 12 at 10-13. Plaintiff was placed in the segregated confinement pending a disciplinary hearing.
>
> About June 19, 2018, Mr. Alverto filed a grievance against offender Majed under the Prison Rape Elimination Act (PREA),42 U.S.C. section 15601.
>
> On June 21, 2018 Mr. Alverto was found guilty of the altercation with the offender Majed.  Mr. Alverto appealed the verdict, which was affirmed.  Dkt. 12, at 16, 20.
>
> Following the hearing on June 21, 2018, defendant Semp approached Mr. Alverto regarding his PREA complaint against offender Majed. Disregarding Mr. Alverto's request that they discuss the issue in private, Semp stated within earshot of the other rinmates "so you said Majed tried to rape you." Dkt. 12 at 17. The next day, Mr. Alverto filed a PREA grievance, cleaning Semp's comments made him a target of harassment and threats and violence from inmates. Dkt. 12 at 19.

REPORT AND RECOMMENDATION REGARDING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -
4

>Defendant Henderling oversaw the investigation into Mr. Alverto's complaint against Semp. Henderling erred in her oversight of the investigation, directing the inquiry into comments made to Mr. Alverto on June 25, 2018 and not on June 21, 2018 the date the incident occurred. The investigation focused on the incorrect date, failed to identify any witnesses who would corroborate Mr. Alverto's claims against Semp, and Henderling concluded Mr. Alverto's grievance against Semp were unfounded. Dkt. 12 at 23.
>
>Further, based on Henderling's conclusion, on July 31, 2018, she, "with pre-approval" issued a serious infraction report finding Mr. Alverto was guilty of providing false information in connection with the grievance against Semp. Dkt. 12 at 24.
>
>On August 10, 2018, Mr. Alverto filled out a prison kite against Defendant Henderling, advising her that her investigation into Semp's comment was based on the wrong date. Dkt. 12 at 25. On September 5, 2018, Mr. Alverto received defendant Henderling's written response to the kite: "Who cares, nobody cares. Mistakes happen. Get over it. I'm warning you no more grievances." Dkt. 12 at 27.

Dkt. 16.

**C.   Defendants' Response**

In response to plaintiff's motion for summary judgment, defendants filed a response and supporting declarations. Dkts. 28-20. Defendants contend plaintiff's motion should be denied because his allegations are "false." Dkt. 28 at 2. In support, defendant Semp declares he did not engage in the behavior alleged by plaintiff. Dkt. 29. Defendant Henderling declares she did not engage in the behavior alleged and that plaintiff's claim she stated in a "kite," "Who cares, No one care. Mistakes happen Get over it. I'm warning you no more grievances" is false because the kite is a forgery. Dkt. 30.

This is thus a case in which plaintiff alleges defendants said certain things or engaged in certain acts, and the defendants deny the allegations and in fact claim plaintiff has fabricated evidence. Plaintiff thus has failed to establish there is an absence of a genuine issue of material

fact, and that there are no genuine issues for trial. The motion for summary judgment should accordingly be denied.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Plaintiff should thus not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case. If plaintiff objects to the report, he must file his objections by **September 18, 2019.** The Clerk should note the matter for **September 20, 2019**, as ready for the District Judge's consideration. Objections shall not exceed eight pages. The failure to timely object may affect the right to appeal.

DATED this 4th day of September, 2019.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge